IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NATALYA SVIRIDYUK**, | Case No.: 3:11-cv-01107-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **BAC HOME LOAN SERVICING, LP,** a limited partnership; and **RECONTRUST COMPANY, N.A.,** | |
| Defendants. | |

Matthew C. Daily
13425 SW 72nd Ave.
Portland, OR 97223

      Of Attorneys for Plaintiff

Pilar C. French
LANE POWELL, PC
601 SW 2nd Ave., Ste. 2100
Portland, OR 97204-3158

      Of Attorneys for Defendants

**SIMON, District Judge**.

      This matter is before the court on Defendants BAC Home Loan Servicing L.P. ("BAC") and Recontrust Company N.A.'s ("Recontrust") motion under Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss Plaintiff Natalya Sviridyuk's claim for declaratory relief. Dkt. #11. For the reasons

stated below, Plaintiff has plausibly stated a claim for declaratory relief. The court, therefore, DENIES Defendants' motion to dismiss.

## I. BACKGROUND

The following background is taken from the First Amended Complaint ("FAC"), and the "allegations of material fact are taken as true and construed in the light most favorable to" Plaintiff. *American Family Ass'n, Inc. v. City and County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). On November 7, 2006, Plaintiff borrowed money to purchase residential property in Troutdale, Oregon. FAC ¶ 4. The loan was secured by the property, and Plaintiff executed a deed of trust in favor of Mortgage Electronic Registration Systems, Inc. *Id.*

On April 14, 2010, Plaintiff and Defendant BAC entered into a loan modification agreement that modified the terms of the original loan. FAC ¶ 5. Plaintiff made timely payments pursuant to the loan modification agreement for five months. *Id.* In October 2010, BAC refused to accept Plaintiff's timely payment and initiated non-judicial foreclosure proceedings. FAC ¶ 6.

Plaintiff filed suit in Multnomah County Circuit Court on September 1, 2011, requesting a declaratory judgment that non-judicial foreclosure is improper. Plaintiff contends that Defendants lack authority to foreclose because Plaintiff was not in default under the terms of the loan modification agreement.[1] FAC ¶ 7. Defendants removed this case on September 14, 2011, and on November 18, 2011, moved to dismiss for failure to state a claim. Dkt. #11. Defendants also filed a Request for Judicial Notice or Incorporation by Reference, Dkt. #13, asking the court to consider eighteen additional documents when resolving the motion to dismiss.

---

[1] Plaintiff also contended that Defendants lacked authority to foreclose because they failed to record transfers of the beneficial interest in the trust deed in violation of Or. Rev. Stat. § 86.735. By stipulated order, however, the parties agreed to dismiss all claims except "whether [P]laintiff entered into a loan modification agreement with [D]efendants and, if so, whether she complied with said modification curing her default of the original loan." Dkt. #15.

## II.  DISCUSSION

**A.      Request for Judicial Notice and Incorporation by Reference**

Pursuant to their Request for Judicial Notice or Incorporation by Reference, Dkt. #13, Defendants request that the court consider eighteen documents as part of their motion to dismiss. These documents are attached as exhibits to the Declaration of Pilar C. French ("French Decl."). Dkt. #14. In response, Plaintiff contends that many of these documents are "outside of the pleadings" and, pursuant to Rule 12(d), the court may exclude them. Pl.'s Resp. at 6-7.

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006)) ("a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies"). In addition, "a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation marks and citation omitted).

Exhibit 1 to the French Decl. is a copy of the trust deed executed by Plaintiff. This document is a matter of public record. The court takes judicial notice of the trust deed. The court agrees that the documents submitted by Defendants as French Decl. Exhibits 2-8, 10, and 12-18 are also matters of public record. They are not, however, relevant to Defendants' motion to dismiss in light of the Stipulated Limited Order of Dismissal. Dkt. #15. These exhibits relate solely to claims that have been dismissed. The court, therefore, declines to accept them.

Exhibit 9 to the French Decl. is an unsigned copy of the loan modification agreement and cover letter dated March 25, 2010, sent to Plaintiff enclosing the loan modification agreement. The loan modification agreement is referenced in Plaintiff's complaint and forms the basis of her claim. In fact, Plaintiff attached to her First Amended Complaint a copy of the loan modification agreement that she signed. Plaintiff did not, however, attach a copy of the cover letter. The cover letter purports to explain the conditions that must be met for BAC to accept the loan modification agreement. Accordingly, it also forms the basis for Plaintiff's claim. Because there is no dispute as to its authenticity, the court will consider Exhibit 9 to the French Decl. as part of Defendants' motion to dismiss.

Exhibit 11 to the French Decl. appears to be a letter dated May 13, 2010, sent from BAC to Plaintiff. Defendants argue that this documents "confirm[s] that there never was" a loan modification agreement between the parties, contrary to Plaintiff's allegation that such an agreement was entered into on April 14, 2010. Def.s Reply at 5; FAC ¶ 5. This letter of May 13, 2010, may constitute important evidence going to the merits of Plaintiff's claim, but it does not form the basis of Plaintiff's claim as alleged. In addition, Plaintiff's First Amended Complaint does not refer to this letter. The court, therefore, declines to incorporate Exhibit 11 into the complaint or consider it at this stage of the proceedings.[2] *See J&J Pumps, Inc. v. Star Ins. Co.,* 795 F. Supp. 2d 1023, 1027 (E.D. Cal. 2011) (declining to incorporate documents "because the Complaint does not refer extensively to the documents and the documents do not form the basis

---

[2] Under Rule 12(d), if, "on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Defendants have not asked the court to convert their motion to a summary judgment motion, and Plaintiff contends she would be "unduly prejudiced" by defending a motion for summary at this "early point in the proceedings." Pl.'s Resp. at 7. The court, therefore, declines to treat Defendants' motion as one for summary judgment.

of plaintiff's claims" (internal quotation marks and citation omitted)). The doctrine of incorporation by reference is not an invitation to introduce evidence challenging the merits of a plaintiff's case as part of a motion to dismiss a pleading for failure to state a claim.

Further, even if the court were to consider Exhibit 11, the court is not convinced that it establishes that Plaintiff has failed to plead a claim for relief. The March 25, 2010, cover letter (Exhibit 9) states on page 1 that the borrower's eligibility for the loan modification "may be subject to validation" and states on page 2 that the borrower must submit copies of his or her "recent" paystubs "and/or" the borrower's "past three bank statements." Page 3 states that "this modification will not take effect if we are not able to verify your income." Exhibit 11 purports to deny Plaintiff's "request" because "Verifed [*sic*] income varies more than 25% of the original stated income." Nowhere in either the loan modification agreement or the March 25, 2010, cover letter does there appear to be any reference to "original stated income." Thus, the lack of explanation of "original stated income" in Exhibit 11 is a sufficient basis to reject Defendant's argument that, as plead, Plaintiff's claim is not plausible. An evaluation of the merits of Plaintiff's claim must wait for a more complete record.

**B.    Plaintiff's Claim**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). To survive "a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

Under Oregon law, to state a claim for declaratory relief, Plaintiff must "allege a cognizable theory of relief, which if proved, would support the declaration sought." *Brown v. Brown*, 206 Or. App. 239, 249 (2006). In her complaint, Plaintiff seeks a declaration that non-judicial foreclosure "is improper" because she is "not in default of her obligations under the modified terms of the promissory note and trust deed[.]" FAC ¶ 10. In support of her requested declaration, Plaintiff makes two principal contentions that, taken together, provide a cognizable theory of relief: First, she contends that she entered into a contract with BAC that modified her obligations under the promissory note. FAC ¶ 5. Second, she contends that pursuant to that modification, she "is not in default." FAC ¶ 7. To state a claim for relief, Plaintiff must have alleged sufficient facts plausibly to support both contentions.

Defendants maintain that Plaintiff has failed to plead sufficient facts to support the first contention that she entered into a loan modification agreement with BAC.[3] They assert three arguments in support of this position. First, Defendants argue that BAC's acceptance of the loan modification agreement was subject to a condition precedent, verification of Plaintiff's income, that did not occur. Page three of the March 25, 2010, cover letter contains a clause that appears to condition BAC's acceptance of the loan modification agreement on verification of Plaintiff's income.[4] Exhibit 9 to French Decl. Defendants argue that Plaintiff's allegation that she

---

[3] Defendants make two additional arguments: First, they argue that Plaintiff cannot obtain equitable relief without pleading that she can cure default. Second, they argue that Plaintiff has failed to plead sufficient facts to establish a justiciable controversy. Def.'s Mem. at 9-11. Both arguments assume that Plaintiff is in default on her original loan and that there was no valid loan modification agreement. Because the court concludes that Plaintiff has sufficiently pled that there was a valid loan modification agreement, it is unnecessary to consider these additional arguments.

[4] Defendants also contend that paragraph 11 of the loan modification agreement creates a condition precedent. Paragraph 11, however, states that the loan modification agreement "will terminate" if BAC finds that Plaintiff's representations about her income are "no longer true and

"performed all conditions precedent to Defendant BAC's obligations under the agreement," FAC ¶ 5, is conclusory and should be disregarded. Rule 9(c), however, permits parties to plead conditions precedent generally: "In pleading conditions precedent, it suffices to allege *generally* that all conditions precedent have occurred or been performed." (Emphasis added.) *See also Kiernan v. Zurich Co.*, 150 F.3d 1120, 1124 (9th Cir. 1998) (general statement may satisfy pleading of condition precedent under Rule 9(c)'s "loose guidelines"); *Hamilton v. Geithner*, 743 F. Supp. 2d 1, 8 (D. D.C. 2010) (applying Rule 9(c) to allow general pleading of a condition precedent notwithstanding *Iqbal*). In light of Rule 9(c), Plaintiff's general pleading that she "performed all conditions precedent" is sufficient and should not be disregarded.

Second, Defendants argue that the loan modification agreement is subject to the statute of frauds and Plaintiff failed to plead that the loan modification agreement was subscribed by BAC. Under Oregon's statute of frauds, an "agreement is void unless it . . . is in writing and subscribed by the party to be charged[.]" Or. Rev. Stat. § 41.580(1). Partial performance may, however, take a contract out of the statute of frauds. *Strong v. Hall*, 253 Or. 61, 70 (1969); *Royer v. Gailey*, 252 Or. 369, 373 (1969). Plaintiff's allegation that BAC accepted partial payments as described under the loan modification agreement for five months is sufficient pleading at this stage to survive Defendants' argument that the agreement failed to satisfy the statute of frauds.

Finally, Defendants argue that Plaintiff "has pleaded no facts that the so-called loan modification is supported by consideration." Def.'s MTD at 8 n.7. Defendants may be correct that reduced payments made under an oral loan modification agreement do "not represent 'anything other than what the plaintiff was already obligated to do under the terms of the Loan.'" *Vida v. OneWest Bank, F.S.B.*, No. 3:10-cv-987, 2010 WL 5148473 *7 (D. Or. Dec. 13, 2010)

---

correct." This language appears to create a condition subsequent, rather than a condition precedent.

(quoting *Barinaga v. JP Morgan Chase & Co.*, 749 F. Supp. 2d 1164, 1173 (D. Or. 2010)). Accordingly, if a loan modification agreement only requires the borrower to make reduced payments, it might not be supported by consideration and might be unenforceable.

That is not, however, the case here. The loan modification agreement signed by Plaintiff appears to have increased the amount that Plaintiff would owe as principal on her loan. The loan modification agreement states in paragraph one that the unpaid principal balance is $253,112.61. This is approximately $17,000 more than the original loan principal. Further, this amount "may include . . . any past due principal payments, interest, escrow payments, fees and/or costs[.]" Dkt. #14-1, Pg. 32. Thus, while her monthly payments may have temporarily decreased under the agreement, Plaintiff's total principal owing – and, accordingly, total interest owing – increased.[5] That would appear to be adequate consideration, at least at the pleading stage.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[5] At oral argument, Defendants argued that capitalizing past due payments into the principal balance due does not constitute consideration because Plaintiff is obligated to pay the past due amounts under both the original loan and the loan modification agreement. This might not be correct. Consider the amount of Plaintiff's current principal under the original loan to be X and the amount of principal payments that she is past due to be Y. To cure the default under the terms of the original loan, Plaintiff must pay Y. If she did so, her remaining principal balance would be X minus Y. To cure the default under the loan modification agreement, however, it appears that Plaintiff must agree to add the past due principal Y to the total principal owing X, so that her new principal balance would become X plus Y. The loan modification agreement allows Plaintiff more time to make payments, but it also appears to *increase* the total amount that she must ultimately pay.

### III.  CONCLUSION

Defendants' Motion to Dismiss (Dkt. #11) is DENIED.

IT SO ORDERED

Dated this 20th day of January, 2012

Michael H. Simon
United States District Judge